DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **DANIEL FLEMING,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> Respondent. ) <br> ) | **Criminal Action No. 2004-0005** <br> **Civil Action No. 2008-0113** |

**Appearances:**
**Daniel Fleming,**
St. Thomas, U.S.V.I.
  *Petitioner Pro Se*

**Adam Francis Sleeper, Esq.,**
**Alessandra Parisi Serano, Esq.,**
St. Thomas, U.S.V.I.
  *For the United States*

## ORDER ADOPTING REPORT AND RECOMMENDATION

**Lewis, District Judge**

THIS MATTER comes before the Court for consideration of Magistrate Judge George W. Cannon, Jr.'s Report and Recommendation ("R&R") (Dkt. No. 1415),[1] in which Magistrate Judge Cannon recommended that Petitioner Daniel Fleming's ("Petitioner") two *pro se* motions be denied. The first, labeled "Motion by Petitioner Daniel Fleming under 28 U.S.C. § 2255 to Vacate Conviction and Set Aside Sentence" ("Motion to Vacate") (Dkt. No. 1189) asserted various ineffective assistance of counsel claims. The second, entitled "Motion by Petitioner Daniel Fleming Given Timely Notice and Submission Additional Claims [*sic*]" ("Supplemental Motion")

---

[1] All docket references will be to the documents in the underlying criminal case, 2004-cr-0005, unless otherwise specifically noted.

asserts that his trial counsel was ineffective because he operated under a conflict of interest with a government witness. (Case No. 2008-cv-0113, Dkt. No. 2).

The underlying criminal case arose from an investigation leading to a Superseding Indictment charging eight Defendants, including Petitioner, with conspiracy to import cocaine, conspiracy to possess cocaine with intent to distribute, and conspiracy to launder money, together with other specific acts which carried out those conspiracies. (Dkt. No. 544). Petitioner was named in Counts I (Conspiracy to Possess with Intent to Distribute Cocaine); Counts II, III, VIII, IX (Possession with Intent to Distribute varying amounts of cocaine on different dates); Count VII (Importing Cocaine); Count X (Distribution of Cocaine); Count XI (Conspiracy to Import Cocaine); and Count XII (Conspiracy to Launder Illegal Drug Proceeds). *Id.* at 1-9, 13-18. Following a two-week trial, Petitioner was convicted of Counts I, II, III, XI, and XII.[2] Petitioner was sentenced to concurrent 15-year sentences on the drug-related charges, a concurrent 10-year sentence for the money laundering conspiracy, a $1,000 fine, and $500 in special monetary assessments. (Dkt. No. 1348-1 at 42-47).

Petitioner's appeal was consolidated with the appeals also taken by Co-Defendants Russell Robertson and Craig Hendricks. *United States v. Fleming, et al.,* 287 F. App'x 150, 152 (3d Cir. 2008). In his appellate brief, Petitioner argued that (1) the transfer of the trial from St. Thomas to St. Croix violated his due process rights; and (2) there was insufficient evidence to support convictions for possession with intent to distribute cocaine, conspiracy to distribute cocaine, conspiracy to import cocaine, and conspiracy to launder money. *Id.* at 152. Petitioner's convictions were affirmed on appeal. *Id.* at 155.

---

[2] The jury acquitted Petitioner of Counts VII, VIII, IX and X. (Dkt. No. 885 at 4-7).

Following the Third Circuit's affirmance, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255 and Supplemental Motion. In his Motions, Petitioner asserted claims of ineffective assistance of trial and appellate counsel. (Dkt. No. 1189; Civil Case No. 2008-0113, Dkt. No. 2). The Court referred Petitioner's Motions to Magistrate Judge Cannon for an R&R. (Dkt. No. 1352; Case No. 2008-cv-0113, Dkt. No. 7). Following his review, the Magistrate Judge recommended that Petitioner's Motions be denied without an evidentiary hearing, and that the Court decline to issue a Certificate of Appealability. (Dkt. No. 1415). A copy of the Magistrate Judge's R&R was mailed to Petitioner at his last known address. No objections to the Magistrate Judge's R&R have been filed.[3]

Petitioner's claims are based on alleged ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance of counsel claims can provide a proper basis for relief under Section 2255. *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014). To advance a successful ineffective assistance of counsel claim, Petitioner bears the burden of showing that (1) "counsel's performance was deficient;" and (2) "the deficient performance prejudiced the defense." *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. at 687).

As to the first prong, Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A reviewing court's "evaluation of counsel's performance is 'highly deferential,'" and courts "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Berryman*, 100 F.3d at 1094 (quoting

---

[3] Objections to a Magistrate Judge's report and recommendation under § 636(b)(1)(B) must be filed within 14 days. *See* 28 U.S.C. § 636(b)(1). The deadline to file any objections has long expired.

3

*Strickland*, 466 U.S. at 689. In other words, Petitioner carries the burden to demonstrate that "trial counsel's actions 'were not supported by a reasonable strategy.'" *United States v. Washington*, 869 F.3d 193, 204 (3d Cir. 2017), *cert. denied,* 138 S. Ct. 713 (2018) (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)).

As to the second prong, Petitioner must establish prejudice through a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id*.

Where the parties fail to timely object to a Magistrate Judge's R&R, there is no statutory requirement that the district court review the R&R before accepting it. *Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district court judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*") (emphasis added). Notwithstanding *Thomas*, the Third Circuit has determined that the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report" even in the absence of an objection. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

In the context of habeas corpus cases, the Third Circuit has concluded that "plain error review is appropriate where a party fails to timely object to a magistrate judge's R&R." *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), *as amended* (June 12, 2007). Accordingly, the Court reviews the instant R&R under a plain error standard—which entails a determination as to whether the R&R contains any "clear" or "obvious" error affecting the Petitioner's "substantial rights."

*United States v. Olano*, 507 U.S. 725, 734 (1993) (to constitute "plain error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

In his R&R, Magistrate Judge Cannon found that either Petitioner's claims of deficiencies in counsel's actions were not supported by the record and/or that counsel's purported errors did not prejudice Petitioner's defense. (Dkt. No. 1415 at 7-18). In so concluding, Magistrate Judge Cannon reviewed Petitioner's Motion and Supplemental Motion, evaluated each of Petitioner's claims, and correctly identified the applicable legal standard relevant to those claims. *Id.* Finding that the record conclusively showed that Fleming was not entitled to relief, the Magistrate Judge determined that an evidentiary hearing was unnecessary. *Id.* at 20 n.9.

Upon this Court's independent review of the record in this case, the Court has found no plain error in the Magistrate Judge's findings and conclusions. Accordingly, the Magistrate Judge's Report and Recommendation (Dkt. No. 1415) will be adopted in its entirety.

Pursuant to 28 U.S.C. § 2253(a), a final order from a Section 2255 proceeding shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. However, unless a judge issues a Certificate of Appealability ("COA"), such an appeal may not be taken. 28 U.S.C. § 2253(c)(1)(B). A COA will be issued only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Also the movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Barnes v. United States*, Nos. 14-cr-47-RGA, 17-cv-352-RGA, 2018 WL 1905642, *5 (D. Del. Apr. 23, 2018).

Here, the Court is dismissing Petitioner's Motions after determining that his claims are without merit. The Court is persuaded that reasonable jurists would not find this assessment

debatable or wrong. Accordingly, as recommended by the Magistrate Judge, the Court will decline to issue a COA.

Accordingly, it is hereby

**ORDERED** that Magistrate Judge Cannon's Report and Recommendation (Dkt. No. 1415) is **ADOPTED** for the reasons stated herein and more fully stated in the R&R; and it is further

**ORDERED** that Petitioner Fleming's Motion to Vacate, Set Aside or Correct Sentence (Dkt. No. 1189) is **DENIED** without an evidentiary hearing; and it is further

**ORDERED** that Petitioner's Motion "Given Timely Notice and Submission [sic] Additional Claims" (Case No. 2008-113, Dkt. No. 2) is **DENIED** without an evidentiary hearing; and it is further

**ORDERED** that a certificate of appealability is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Order to Petitioner Daniel Fleming by certified mail, return receipt requested.

**SO ORDERED**.

Date:   August 31, 2021                              _____/s/_____
                                                     WILMA A. LEWIS
                                                     District Judge